UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VELMA SUE BATES, CLAUDIA BIRDYSHAW, WILLARENE FISHER, MARK LONG, JON TOUNGETT, CAROLYN WADE, and RICHARD WHITE, <br><br> Plaintiffs, <br><br> v. <br><br> DURA AUTOMOTIVE SYSTEMS, INC., <br><br> Defendants. | Case No. 1:08-0029 <br> Judge Trauger |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR CLARIFICATION BY THE COURT OF TWO ISSUES IN ITS MEMORANDUM OPINION ON THE CROSS MOTIONS FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, CERTIFICATION OF AN INTERLOCUTORY APPEAL**

## I. INTRODUCTION AND SUMMARY

This Motion like all from the undersigned is filed respectfully with acknowledgment that it is procedurally unusual. Coming off a recent trial experience in an unrelated case before the Court wherein procedural and substantive issues could better have been addressed by counsel well prior to trial, and after reflection upon this Court's ruling therein, Defendant believes the future progress of this case is furthered by the requests made herein.

By Memorandum Opinion and Order dated April 23, 2009, (Docket No. 77), this Court granted and denied in part each party's Motion for Summary Judgment.

Defendant does not seek reconsideration of the Court's Order. However, as this matter proceeds to trial currently scheduled to commence on September 1, 2009, Defendant requests clarification on two narrow substantive points in the Court's Memorandum.[1] In summary, the two narrow issues on which Defendant seeks clarification are as follows:

First, Defendant requests that the Court clarify whether Plaintiffs must be individuals with disabilities to have standing to challenge a qualification standard under the ADA. The Court answered in the affirmative in EEOC v. Murray, 175 F. Supp. 2d 1053 (M.D. Tenn. 2001), yet made an opposite decision in this case. If the Court clarifies its holding in this case and is consistent with Murray, Plaintiffs' claims should be dismissed, because the Court concluded as a matter of law that Plaintiffs are not disabled. Absent a disability, they lack standing to challenge Defendant's qualification standard and their claims should be dismissed.

Second, Defendant requests clarification on whether Plaintiff Fisher can maintain a "record of" disability claim when, as the Court found, she does not have an actual disability.

Defendant requests that the Court use its inherent power to modify interlocutory orders prior to the entry of a final judgment and consider Defendant's Motion for Clarification. Winnett v. Caterpillar, Inc., 2007 WL 2123905 (M.D.

---

[1] Given the relative complexity of the issues potentially due to be tried in this matter and the existence of case law, some from this Court that is directly relevant, Defendant believes that these two issues are of significance – and are potentially dispositive of the matter – that it merits raising them well before the pretrial conference for adequate consideration by the Court and the plaintiffs. Otherwise, the parties and this Court are to be faced at a late date with a potential avoidable quagmire.

2873820.5

2

Tenn.) (Trauger), citing Mallory v. Eyrich, 922 F.2d 1273, 1282 (6th Cir. 1991). Federal R. Civ. P. 16 also supports clarification of these issues to assist the Court and parties with formulating and simplifying the issues and facilitating the just and speedy disposition of the matter. Rule 16(c)(2)(A) and (P).

Because these two issues are critically important to how the case is presented at trial – and perhaps dispositive to the entire matter – Defendant moves in this somewhat unusual, but it believes appropriate, step of asking the Court to clarify its Memorandum and Order. In doing so, it does not intend to just ask the Court to re-read cases it has already read nor just revisit a clear ruling. Its motion is presented because the Court's ruling leaves substantial questions as to how the matter will proceed at trial.[2]

## II. BASIS FOR THE REQUEST FOR CLARIFICATION

**A. The Court's conclusion in this case that Plaintiffs need not be disabled to challenge Defendant's qualification standard appears to be at odds with the Court's prior ruling in *EEOC v. Murray*, and clarification on this point will help resolve this issue and possibly streamline the anticipated trial proof.**

Among the potentially dispositive issues raised through the cross motions for summary judgment was "whether the individual Plaintiffs must show they are disabled under the ADA in order to sustain their challenge to Defendant's qualification standard pursuant to 42 U.S.C. § 12112(b)(6)." (Mem. at 23). In support of the argument that Plaintiffs lacked standing because they are not disabled, Defendant relied upon this Court's ruling in EEOC v. Murray, wherein the

---

[2] For the Court's convenience, the Court's April 23, 2009, Memorandum and a copy of EEOC v. Murray, 175 F.Supp. 2d 1053 (M.D. Tenn. 2001) are attached as Exhibits A and B.

2873820.5  3

Court addressed the EEOC's two separate claims for both individual and pattern-or-practice discrimination. The instant case does not contain a pattern-or-practice claim. In ruling in Murray that only persons with a disability may raise an individual claim under § 12112(b)(6) the Court held:

> Thus, all claims under the ADA must, at their core, involve allegations of discrimination against individuals with disabilities. As the defendant argues, an individual who is not disabled under the ADA cannot seek the protections of the statute. Unless the EEOC's individual claim on behalf of [the individual claimant] is brought within that framework, it is not a proper claim under the ADA.

Murray, 175 F. Supp. 2d at 1058.

In Murray, the Court concluded that because the EEOC failed to offer any evidence that the individual claimant was disabled under the ADA, it could not establish a prima facie claim of individual discrimination on his behalf under § 12112(b)(6). Accordingly, the Court dismissed the individual claim brought by the EEOC. Id. at 1059

The Court then turned from the individual claim and, as it should in that case, addressed the separate pattern-or-practice claim brought by the EEOC. In that part of its Opinion, the Court concluded that as part of a bifurcated pattern-or-practice case, a non-disabled person had standing to challenge the qualification standard under § 12112(b)(6): "The EEOC's prima facie claim of a pattern or practice of disability discrimination is not dependent on showing that [the claimant]

is disabled." Id. at 1060.³ The Court noted that in the damages phase of even a pattern-or-practice case, only those persons who can show that they are qualified individuals <u>with disabilities</u> are eligible for monetary relief. Id. at 1060, note 9.

> **i).** **The Court in this case appears in its Memorandum to have applied pattern-or-practice analysis and jurisprudence applicable to the government's case in *Murray* to Plaintiffs' individual claims.**

In this case, the Court relied upon <u>Murray</u> for a number of issues presented in the summary judgment motions. As one example, the Court reaffirmed its position in <u>Murray</u> that across-the-board policies are properly analyzed as a qualification standard as opposed to medical inquires. Id. at 1058.

The Court also looked to <u>Murray</u> to analyze Defendant's contention that Plaintiffs must show they are disabled to have standing to challenge the qualification standard. The Court concluded: "Numerous courts, including this one in the <u>Murray</u> case, which the defendant, bafflingly, repeatedly cites in support of this proposition, have concluded that a party need not be disabled to assert claims under provisions of the ADA that, like Sections 12112(b)(6) and 12112(d)(4)(A), protect all employees, not just disabled persons." Memorandum at 23, note 8.⁴

It is upon this point of the Court's Memorandum that, respectfully, Defendant seeks clarification by the Court. The Court's use of the noted adverb reflects the undersigned did a poor job of articulating the importance of <u>Murray</u>,

---

³ The Court adopted the reasoning set forth in <u>Davoll v. Webb</u>, 194 F.3d 1116, 1147 (10th Cir. 1999), wherein it was established that during the liability phase of a pattern-or-practice case, the government need not prove that the individuals allegedly discriminated against were each qualified individuals with disabilities.

⁴ The cases cited by the Court for this principle in Footnote 8 all relate to medical inquiries as opposed to qualification standards, which is an entirely different part of the ADA's statutory framework.

2873820.5   5

and, in particular, the importance of its two analyses related to when one needs to be disabled or not to bring an individual claim versus a pattern-and-practice claim. Reviewing Footnote 8 of its Memorandum, the Court cites Page 1062 of <u>Murray</u> for its holding that the plaintiffs need not be disabled in order to proceed on their individual ADA claims. However, at Page 1062 of <u>Murray</u>, the Court's discussion on this key issue relates <u>only</u> to the pattern-or-practice claims raised by the EEOC against Murray – not the <u>alternative</u> individual claims that are the <u>only</u> claims present in this case. Apparently applying the cited pattern-or-practice analysis to this case the Court concluded that Plaintiffs need not be disabled to raise their individual claims. This finding is not consistent with <u>Murray</u>'s treatment of individual claims at Pages 1058-1059, where the Court concludes that proof of a disability <u>is</u> in fact required to challenge a qualification standard in an individual case.

      **ii.** **Clarifying whether the "individual claim" analysis, rather than the "pattern-or-practice" approach, applies to Plaintiffs' cases is dispositive, and the result is that they should be dismissed.**

Plaintiffs' claims against Defendant's qualification standard are brought individually. This is not and cannot be a pattern-or-practice lawsuit because no class claims exist and the government is not a party.[5] Accordingly, it is the Court's "individual claim" analysis found at Pages 1058-59 of <u>Murray</u> by which the analysis of this case, respectfully, is open to clarification. Applying this analysis and the Court's express language in <u>Murray</u>, all but Plaintiff Fisher's claims (subject to

---

[5] While it has not been an issue until now in this case, Defendant believes that "pattern-or-practice claims" may only be brought as a class action or by the government, and neither situation is present in this case. <u>Bacon v., Honda of America Manufacturing, Inc.</u>, 370 F. 3d 565, 575 (6th Cir. 2004).

further clarification requested below) should be dismissed: Each plaintiff must show they are disabled to sustain their individual challenges to Defendant's qualification standard as required by this Court in Murray. The Court has ruled as a matter of law that none of the Plaintiffs are disabled. (Mem. at 20-21). Accordingly, their ADA claims against Defendant should be dismissed upon clarification. Without their individual ADA claims, none of their claims could survive summary judgment under what Defendant believes is this Court's prior reasoning.

**B.     Clarification of the Court's holding is appropriate to ascertain whether Plaintiff Fisher can have a "record of" disability in the absence of an actual disability.**

The Court recognized that in order to prevail on a "record of" disability claim, a plaintiff must "present evidence 'demonstrating that he had a record of an impairment that substantially limits a major life activity." (Mem. at 20-21). In other words, "an impairment that substantially limits a major life activity" means a plaintiff must establish she had a record of an actual disability, not something else or less. However, the Court concluded that Plaintiff Fisher failed to establish an actual disability. (Mem. at 20). This finding that Plaintiff Fisher has or had no actual disability appears necessary to foreclose any claim under the "record of" approach. It would seem impossible to have a record of what one never had. This result is consistent with generally accepted ADA principles, as short term conditions, such as those described by Plaintiff Fisher (i.e. five month shingle condition), are not covered by the ADA. Toyota Manufacturing, Inc. v. Williams, 534 U.S. 184 (2002) (impairment's impact must be "permanent or long term").

2873820.5                               7

Case 1:08-cv-00029  Document 82   Filed 07/21/09  Page 7 of 11 PageID #: 2815

Despite finding that Fisher did not have actual disability, the Court nevertheless allowed her "record of" disability claim to survive summary judgment.

Accordingly, clarification on this core issue – whether Plaintiff Fisher can proceed on her "record of" disability claim after she was found to be unable to show that she had or has an actual disability – will assist the parties in how to organize and present their proof, draft meaningful jury instructions and, perhaps, assist in the determination as to whether Plaintiff Fisher's "record of" claim can even proceed to trial.

**C.**  **If the Court denies Defendant's Motion for Clarification, Defendant requests that the Court certify these two issues for interlocutory appeal.**

The issue of whether the Plaintiffs must be disabled to bring their individual claims seems a fulcrum upon which most of this case may turn. The Court has dismissed each of the Plaintiffs' other claims, so all that remains (other than Plaintiff Fisher's "record of" disability claim) is whether they can show Defendant applied a job qualification standard that is inconsistent with the ADA. Whether this claim can advance to trial is driven by whether or not the ADA requires a showing of disability for Plaintiff's individual claim. The Court, applying common sense statutory interpretation, previously ruled that such a showing was necessary for individual, not pattern-or-practice cases. Murray, 175 F. Supp. at 1059.

If the Court finds this Motion not appropriate, which Defendant respectfully believes, for intents and purposes is a reversal of its holding in Murray as it pertains to individual claims, Defendant requests that this issue be certified for

interlocutory appeal. Interlocutory appeal is available under 28 U.S.C. § 1292(b) in the presence of three elements: (1) it must involve a controlling issue of law; (2) there must be substantial ground for difference of opinion about it; and (3) immediate appeal must materially advance the ultimate termination of the litigation. In re City of Memphis, 293 F.3d 345, 350 (6th Cir. 2002).

Present circumstances meet the three elements set forth in In re City of Memphis. (1) Whether Plaintiffs must be disabled to pursue their individual claims is a controlling issue to proceed to trial, as Plaintiffs' cases continue or fall on that issue; (2) as discussed above (as well as in the parties' summary judgment papers), there is a substantial ground for a difference of opinion; and (3) resolution of this issue will materially advance the termination of the litigation because if the Court's position in on individual claims set forth in Murray is correct, this case ends.

Accordingly, for these reasons Defendant requests if the Court denies the motion to clarify its ruling on these narrow issues, that the Court certify the issue for interlocutory appeal.

### III.  CONCLUSION

Defendant believes the Court clearly and unambiguously held in Murray that individual challenges to company-wide qualification standard can only be brought by disabled individuals. A close reading of the Court's Memorandum herein suggests that this prior ruling was superseded by an analysis of pattern-or-practice authority – also in Murray – which is not relevant in this case as there is no pattern-or-practice claim. Clarifying this issue significantly impacts how this case

and trial proceed, and it will help tighten and frame the issues for the jury if trial remains. In addition, further clarification as to whether Plaintiff Fisher may proceed on a "record of" a disability claim without any proof of any prior disability will assist in the streamlining and organization of proof at trial. Alternatively, if the Court denies Defendant's Motion, Defendant requests that these issues be certified for interlocutory appeal.

Respectfully submitted,

s/Robert E. Boston
Robert E. Boston (No. 9744)
Andrew S. Naylor (No. 17128)
Paula D. Walker (No. 18322)
Michael Rusie (No. 26010)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37027
615-244-6380
615-244-6804 (fax)

Gary W. Klotz (P27703)
Craig M. Stanley (P58714)
BUTZEL LONG
150 West Jefferson, Suite 100
Detroit, Michigan 48226-4450
(313) 225-7000

Ben Boston
Boston, Holt, Sockwell & Durham, PLLC
235 Waterloo Street
P. O. Box 357
Lawrenceburg, TN 38464
(931) 762-7167

Attorneys for Defendant
Dura Automotive Systems, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2009, the foregoing document has been filed with the Court's electronic filing system and was served on the following with the Court's electronic filing system.

John A. Beam, III
John Matthew Sharp
Kristin J. Fecteau
EQUITUS LAW ALLIANCE, PLLC
f/k/a BEAM & ROGERS, PLLC
P O Box 280240
709 Taylor Street
Nashville, TN 37228-0240

Attorneys for Plaintiffs

s/Robert E. Boston