IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| VELMA SUE BATES, CLAUDIA BIRDYSHAW, WILLARENE FISHER, MARK LONG, JON TOUNGETT, CAROLYN WADE, and RICHARD WHITE,<br><br>Plaintiffs,<br><br>v.<br><br>DURA AUTOMOTIVE SYSTEMS, INC.,<br><br>Defendant. | Case No. 1:08-cv-0029<br>Judge Trauger |

## MEMORANDUM AND ORDER

Pending before the court is the defendant's Motion for Leave to File a Motion to Dismiss (Docket No. 170). For the reasons discussed below, the defendant's motion will be denied.

## BACKGROUND

The seven plaintiffs in this suit were formerly employed by the defendant, Dura Automotive Systems, Inc. ("Dura"), at its Lawrenceburg, Tennessee manufacturing facility. In 2007, Dura decided to ban its employees from taking certain prescription medications, and it forced employees at the Lawrenceburg facility to undergo mandatory drug testing. Each of the plaintiffs, who were lawfully prescribed one or more of the banned medications, tested positive for a prohibited substance. Most of the plaintiffs were terminated because they continued to take the prohibited medication.

In this suit, the plaintiffs filed claims against the defendant under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* At the summary judgment stage, the court

1

found that six of the seven plaintiffs were not disabled under the ADA; thus, that they could not pursue claims under 42 U.S.C. § 12112(a). (Docket No. 77 at 18-23.) The court found, however, that the plaintiffs could proceed, regardless of their disability status, with a claim based on 42 U.S.C. § 12112(b)(6). That subsection prohibits employers from "using qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability," unless such standards or tests are "shown to be job-related for the position in question and [are] consistent with business necessity." 42 U.S.C. § 12112(b)(6). The defendant filed an interlocutory appeal, and the Sixth Circuit reversed, holding that only disabled plaintiffs may pursue § 12112(b)(6) claims. *Bates v. Dura Auto. Sys., Inc.*, 625 F.3d 283, 287 (6th Cir. 2010).

The Sixth Circuit, although declining to decide the issue, noted that "several courts have held that non-disabled individuals can pursue claims under section 12112(d)(4)." *Id.* at 286. On remand, this court held that the non-disabled plaintiffs could pursue claims under § 12112(d)(4)(A). (Docket No. 97 at 9.) That subsection provides:

> A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity.

42 U.S.C. § 12112(d)(4)(A). Trial is set to begin next week on the plaintiffs' § 12112(d)(4)(A) claims.

Now, the defendant seeks to file a Motion to Dismiss, arguing that the non-disabled plaintiffs have no remedy under § 12117. This is the first time in this years-long litigation that

the defendant has raised this argument.

## ANALYSIS

The defendant argues that, even if the non-disabled plaintiffs have standing to bring a claim under § 12112(d)(4)(A), the ADA offers no possibility of recovery. The relevant section of the ADA, § 12117, provides:

> (a) Powers, remedies, and procedures
>
> The powers, remedies, and procedures set forth in sections 2000e–4, 2000e–5, 2000e–6, 2000e–8, and 2000e–9 of this title shall be the powers, remedies, and procedures this subchapter provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this chapter . . . concerning employment.

42 U.S.C. § 12117(a). The defendant argues that the phrase "any person alleging discrimination on the basis of disability in violation of any provision of this chapter" excludes non-disabled plaintiffs.[1] (Docket No. 170, Ex. 2 at 3-7.)

But there are a number of cases from federal appellate courts explicitly holding that a non-disabled plaintiff may file a suit for damages based on an employer's violation of § 12112(d). For example, in *Cossette v. Minnesota Power & Light*, 188 F.3d 964 (8th Cir. 1999), the non-disabled plaintiff alleged that the defendant disclosed confidential medical information in violation of §§ 12112(d)(3)-(4). The Eighth Circuit stated that it was "persuaded by the

---

[1] The defendant relies largely on this court's 2001 decision in *EEOC v. Murray, Inc.*, 175 F. Supp. 2d 1053 (M.D. Tenn. 2001). There, the court stated that "an individual who is not disabled under the ADA cannot seek the protections of the statute." *Id.* at 1058. But, by allowing the instant non-disabled plaintiffs to go forward with their ADA claims, the court has already rejected its broad statement in the *Murray* decision.

holdings of the Ninth and Tenth Circuits that a plaintiff need not be disabled *to state a claim* for the unauthorized gathering . . . of confidential medical information." *Id.* at 969 (citing *Fredenburg v. Contra Costa County Dep't of Health Servs.*, 172 F.3d 1176, 1181-82 (9th Cir. 1999); *Griffin v. Steeltek*, 160 F.3d 591, 593-94 (10th Cir. 1998); *Roe v. Cheyenne Mt. Conference Resort*, 124 F.3d 1221, 1229 (10th Cir. 1997)) (emphasis added); *see also Wice v. Gen. Motors Corp.*, No. 07-10662, 2008 U.S. Dist. LEXIS 106727, at *5 (E.D. Mich. Dec. 15, 2008) (holding that a "[p]laintiff need not be disabled . . . to challenge an allegedly improper medical inquiry under the [ADA]."). Thus, the *Cossette* court spoke not of standing, but of the plaintiff's ability to state a claim. The court further held that, to recover, a non-disabled plaintiff must show that the defendant's violation of § 12112(d)(4) "caused some sort of tangible injury." 188 F.3d at 970; *see also Harrison v. Benchmark Elecs. Huntsville, Inc.*, 593 F.3d 1206, 1216-17 (11th Cir. 2010) (holding that "a non-disabled plaintiff [must] at least show some damages (emotional, pecuniary, or otherwise) caused by a § 12112(d) violation" (footnote omitted)). In its *Dura* opinion, the Sixth Circuit cited *Cossette*, *Fredenburg*, and *Griffin* approvingly. 625 F.2d at 286.

None of these opinions directly references § 12117, but they clearly allow a non-disabled plaintiff to recover damages on a § 12112(d) claim. Indeed, the Tenth Circuit noted that its "sister circuits . . . are unanimous in recognizing a private cause of action irrespective of the plaintiff's disability status under § 12112(d)[]." *Harrison*, 593 F.3d at 1211; *see also id.* at 1214 (holding that such a "private right of action" is proper). Regardless of whether this private right of action springs from § 12117 or whether it is judicially created, it exists. Thus, the defendant

4

cannot, on the eve of trial, defeat the plaintiffs' suit on the grounds that the plaintiffs cannot recover damages.

## **CONCLUSION**

Because the defendant's Motion to Dismiss would be futile, the defendant's Motion for Leave to file that motion (Docket No. 170) is **DENIED**.

It is so Ordered.

Entered this 5th day of July 2011.

_____
ALETA A. TRAUGER
United States District Judge