# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## COLUMBIA DIVISION

| | | |
|---|---|---|
| **VELMA SUE BATES, CLAUDIA** | ) | |
| **BIRDYSHAW, WILLARENE FISHER,** | ) | |
| **MARK LONG, JON TOUNGETT,** | ) | |
| **CAROLYN WADE, and RICHARD WHITE,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:08-cv-0029** |
| | ) | **Judge Trauger** |
| **DURA AUTOMOTIVE SYSTEMS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>JURY INSTRUCTIONS</u>

1

## General Introduction – Province of the Court and Jury

Members of the Jury:

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the court as to the law applicable to this case. It is your duty as jurors to follow the law as I shall state it to you and to apply that law to the facts as you find them from the evidence in this case. You are not to single out one instruction alone as stating the law but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any

rule of law stated by me.

The lawyers may have referred to some of the governing rules of law in their arguments. If, however, there is any difference between the law as stated by the lawyers and that stated in these instructions, you are, of course, to follow these instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but yours.

Later in these instructions, I will instruct you that I have determined certain issues "as a matter of law." This means that those issues have been conclusively determined, and you are not to reconsider them.

## Direct and Circumstantial Evidence

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one and does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**<u>Evidence Excluded</u>**

Evidence does not include several things that you have heard in the courtroom.

Evidence does not include any statement of the attorneys during the trial, including their closing arguments. You must decide for yourself whether you believe the facts show what the attorneys have argued they show.

Evidence does not include answers, statements, or comments made by the attorneys that I ordered stricken. You are to treat anything that I ordered stricken as if you had never heard it.

Finally, evidence does not include any objections raised by the attorneys. You must not speculate why I sustained or overruled any objection, nor are you permitted to guess what the answer might have been to any question I did not allow. You may not draw any inference or speculate on the truth of any suggestion included in a question that was not answered.

4

## Ordinary Observations and Experiences

In reaching your verdict, you are to consider only the evidence in this case. However, you are not required to set aside your common sense, and you have the right to weigh the evidence in the light of your own observations and experiences.

## Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness' testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness' testimony. Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake. Ask yourself how good the witness' memory seemed to be. Did the witness seem able to accurately remember what happened? Ask yourself if there was anything else that may have interfered with the witness' ability to perceive or remember the events. Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying? Ask yourself if the witness had any relationship to the plaintiff or the defendant, or anything to gain or lose from the case, that might influence the witness' testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other. And ask yourself how believable the witness' testimony was in light of all the other evidence. Was the witness' testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly

6

the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness' believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

7

## Discrepancies in Testimony

Discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness should be discredited. Failure of recollection is a common experience, and innocent mistakes recalling certain facts are not uncommon. Two persons witnessing the same incident or transaction often will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance.

8

## Impeachment – Inconsistent Statements or Conduct

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust that witness' testimony in other particulars, and you may reject all of the testimony of that witness or give it such credibility as you may think it deserves. An act or omission is "knowingly" done if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**<u>Judicial Notice</u>**

I have taken judicial notice of certain excerpts from the Physicians' Desk Reference. The Physicians' Desk reference is a book containing warnings and information, supplied by drug manufacturers and approved by the U.S. Food and Drug Administration, regarding various drugs. Because I have taken judicial notice of these excerpts, you must accept as true the fact that the warnings and information contained in the excerpts came from the drug manufacturers.

**<u>Multiple Plaintiffs</u>**

You must give separate consideration to each claim and each party in this case.  Although there are seven plaintiffs, it does not follow that if one is successful, the others are, too.  This means that you may find in favor of one, some, all, or none of the plaintiffs.

## Corporate Defendant – All Persons Equal Before the Law

In this case, defendant Dura Automotive Systems, Inc. ("Dura") is a corporation. The fact that a corporation is a party must not prejudice you in your deliberations or in your verdict.

You may not discriminate between corporations and natural individuals. Both are persons in the eyes of the law, and both are entitled to the same fair and impartial consideration and to justice by the same legal standards.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. A corporation is entitled to the same fair trial at your hands as a private individual.

12

## **Agency**

I have found, as a matter of law, that Freedom From Self Alcohol and Drug Education and Counseling Services ("Freedom From Self") and its employees were the agents of Dura. Therefore, with regard to the drug testing of the plaintiffs, you are to consider any act of Freedom From Self and its employees to be an act of Dura.

13

## Burden of Proof – Generally

The party with the burden of proof on any given issue has the burden of proving every disputed element of his or her claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his or her claim by a preponderance of the evidence, you must decide against that party on the issue you are considering.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all the witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having the burden of proof. That is because the party bearing the burden must prove more than simple equality of evidence. On the other hand, the party with the burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof, then that element will have been proved by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this, and you should put it out of your mind.

14

## Americans with Disabilities Act – Generally

The Plaintiffs have brought this lawsuit under a federal law called the Americans with Disabilities Act, which is often referred to by its initials, "ADA." Terms such as "record of impairment," "qualification standard," "medical examination," and "disability-related inquiry" are defined by the ADA and I will instruct you on the meaning of those terms.

As you listen to these instructions, please keep in mind that many of the terms I will use, and you will need to apply, have a special meaning under the ADA. So please remember to consider the specific definitions I give you, rather than using your own opinion of what these terms mean.

## Overview of the Plaintiffs' Claims

There are two separate claims in this lawsuit.

First, all of the plaintiffs claim that the drug tests were illegal "medical examinations" under the ADA and that questions by Dura and/or its agents regarding prescription medications were illegal "disability-related inquiries" under the ADA. Dura claims that the drug testing at issue in this case was legal because it was job-related and consistent with business necessity.

Second, plaintiff Willarene Fisher has brought a claim for disability discrimination. She claims that she has a record of disability and that Dura violated the ADA by terminating her employment solely because of that record of disability. Dura claims that it did not discriminate against her solely because of a record of disability.

I will now give you instructions regarding each of these claims.

**Medical Examination and Disability-Related Inquiry Claims**

First, I will instruct you regarding the plaintiffs' "medical examination" and "disability-related inquiry" claims. This claim is raised by each of the plaintiffs.

The ADA limits an employer's ability to conduct "medical examinations" of its employees or to make "disability-related inquiries" of its employees. An employer may only conduct such examinations or make such inquiries if they are job-related and consistent with business necessity.

I have found, as a matter of law, that the drug tests taken by the plaintiffs were medical examinations. I have also found, as a matter of law, that the questions regarding the plaintiffs' prescriptions asked by Dura or Freedom From Self constituted disability-related inquiries. I will refer to these examinations and inquiries collectively as the "drug testing."

You must determine whether the drug testing was job-related and consistent with business necessity.

17

**Medical Examination and Disability-Related Inquiry Claims – Job-Related and Consistent with Business Necessity**

Dura has the burden of proving, by a preponderance of the evidence, that the drug testing was job-related and consistent with business necessity.

An employment practice is "job-related" if it has a relationship or connection to the job or position in question.

A "business necessity" is something that is vital to Dura's business. For example, ensuring that the workplace is safe is a business necessity, and an employment practice is consistent with business necessity if it substantially promotes safe, efficient, or successful job performance. Dura does not need to show that the drug testing was the only way of ensuring a safe workplace, but the drug testing must be a reasonably effective method of ensuring a safe workplace. In order to establish a business necessity, Dura must show that the drug testing was no broader or more intrusive than necessary.

If you find that Dura has shown that the drug testing was both job-related and consistent with business necessity, you should find in favor of Dura on this claim. If you find that the drug testing was not both job-related and consistent with business necessity, you should find in favor of a plaintiff or plaintiffs and award that person or those persons any damages caused by the drug testing.

The plaintiffs do not need to show that they had disabilities to succeed on this claim.

18

## **Disability Discrimination Claim**

Next, I will instruct you regarding plaintiff Willarene Fisher's claim for disability discrimination. This claim is raised only by Ms. Fisher.

The ADA makes it illegal for an employer to intentionally discriminate against a qualified individual with a disability solely because of that disability. Ms. Fisher alleges that Dura terminated her employment solely because she was disabled. Dura alleges that it did not.

As to this claim, Ms. Fisher has the burden of proving, by a preponderance of the evidence, each of the following four elements:

(1) First, that she has a disability, as defined by the ADA;

(2) Second, that she was qualified for her employment position;

(3) Third, that Dura intentionally discriminated against Ms. Fisher because of her disability; that is, that Ms. Fisher's disability was the sole reason for Dura's decision to terminate her employment; and

(4) Fourth, that, as a direct result of Dura's actions, Ms. Fisher suffered damages.

You must determine whether Ms. Fisher has proved all of these elements. I will explain each element in turn.

19

## Disability Discrimination Claim – Existence of a Disability

Ms. Fisher has the burden of proving, by a preponderance of the evidence, that she had a disability. Under the ADA, a person has a "disability" if they have a record of a physical or mental impairment that substantially limits one of their major activities of life.

A "major life activity" is an activity that is of central importance to everyday life, such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, or working.

"Substantially limits" means that an individual is unable to perform, or is significantly restricted in the ability to perform, the major life activity compared to the average person in the population. During the time that a physical or mental impairment is successfully corrected by medication or other measures, however, that impairment does not "substantially limit" a major life activity.

For a plaintiff to be substantially limited in the major life activity of working, she must be unable to work in a broad class of jobs, or a broad range of jobs in various classes. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

## Disability Discrimination Claim – Qualified Individual

Ms. Fisher must show that she was a qualified individual.  I have found, as a matter of law, that Ms. Fisher was a qualified individual.  Therefore, you must consider her to be a qualified individual.

## **Disability Discrimination Claim – Intentional Discrimination**

Ms. Fisher must prove by a preponderance of the evidence that Dura intentionally discriminated against her because of her disability.  To do this, Ms. Fisher must show that her record of impairment was the sole reason for Dura's decision to terminate her employment.

Case 1:08-cv-00029   Document 194   Filed 07/20/11   Page 22 of 41 PageID #: 4474

**<u>Disability Discrimination Claim – Business Judgment Rule</u>**

You should be mindful that the law applicable to this suit requires only that an employer not discriminate against an employee because of the employee's disability. Dura may terminate or otherwise adversely affect any employee, including Ms. Fisher, for any other reason, good or bad, fair or unfair. You should not second guess those decisions or permit any sympathy for the employee to lead you to substitute your own judgment for that of defendant, even though you personally may not approve of the action taken and would have acted differently under the circumstances.

23

## Disability Discrimination Claim – Damages

Ms. Fisher must also prove by a preponderance of the evidence that the alleged discrimination caused her to suffer damages.  Later in these instructions, I will instruct you regarding how to calculate damages.

If Ms. Fisher has proved, by a preponderance of the evidence, all four elements of her disability discrimination claim, you should find in favor of Ms. Fisher on this claim and award her any damages caused by Dura's discrimination.  If she has failed to prove one or more of the elements, you should find in favor of Dura.

**<u>Damages – Generally</u>**

      If you find in favor of a plaintiff on any of the claims about which I have instructed you, you should award that plaintiff the damages, if any, that were directly caused by the defendant's actions. These damages may include compensatory damages, back pay, and/or front pay. I will instruct regarding each of these in turn.

Case 1:08-cv-00029   Document 194   Filed 07/20/11   Page 25 of 41 PageID #: 4477

## Damages – Compensatory Damages

If you find in favor of the plaintiffs on any of their claims, you must determine an amount that is fair compensation for each plaintiffs' damages that were caused by Dura's actions. The damages that you award must be fair compensation – no more and no less. Each plaintiff has the burden of proving entitlement to compensatory damages by a preponderance of the evidence.

You may award damages, based on the evidence introduced at trial, for back pay and front pay (which I will define in a moment), emotional pain and suffering, loss of reputation, inconvenience, and mental anguish.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

On the other hand, the law does not require that the plaintiffs prove the amount of each of their losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

If you award damages to a plaintiff, you must compensate that plaintiff for loss or harm that is reasonably certain to be suffered in the future as a result of the injury in question. You may not include speculative damages, which is compensation for future loss or harm that, although possible, is conjectural or not reasonably certain.

**<u>Damages – Back Pay</u>**

One element of damages that may be awarded is referred to as back pay. Back pay consists of any lost wages. The amount of lost wages due is determined by calculating the amount each plaintiff would have earned from Dura up to the date of trial, had he or she not been terminated.

**<u>Damages – Front Pay</u>**

You may also separately calculate front pay. Front pay is future damages, a monetary amount equal to the present value of the wages that each Plaintiff would have earned had each Plaintiff not been terminated for the period from the date of your verdict until the date when each Plaintiff would have voluntarily resigned , retired, or obtained other employment.

You must reduce any award to its present value by considering the interest that each Plaintiff could earn on the amount of the award if each Plaintiff had made a relatively risk-free investment. The reason you make this reduction is because an award of an amount representing future loss of earnings is more valuable to the plaintiffs if each plaintiff receives it today than if each plaintiff received it in the future, when plaintiffs would otherwise have earned it. It is more valuable because the Plaintiffs can earn interest on it for the period of time between the date of the award and the date the Plaintiffs would have earned the money. Thus, you should adjust the amount of any award for future loss of earnings by the amount of interest that each Plaintiff can earn on that amount in the future.

## Damages – Mitigation of Damages

Each of the plaintiffs must make every reasonable effort to minimize or reduce his or her damages for lost pay and benefits by seeking employment. This is referred to as "mitigation of damages." Dura has the burden to prove, by a preponderance of the evidence, that each plaintiff failed to mitigate his or her damages for lost pay and benefits.

If you decide to award back pay damages to a particular plaintiff, you must subtract from those damages the amount of pay that the plaintiff has earned from employment since the date of the plaintiff's termination from Dura.

If Dura proves that a particular plaintiff failed to use reasonable diligence to find employment, and that comparable employment was available, you must also subtract from any back pay and/or front pay damages the additional amount that you determine the plaintiff could have earned by using reasonable efforts. Comparable employment need not be identical in responsibility or compensation, but must be a type of work that a reasonable person would take if in the position of the plaintiff.

**<u>Damages – Nominal Damages</u>**

If you find in favor of any plaintiff on any claim, but you find that the damages on that claim have no monetary value, then you must return a verdict in favor of that plaintiff on that claim in the nominal amount of one dollar.

## Damages – Punitive Damages

If you make an award of compensatory or nominal damages to any plaintiff, the law allows you, but does not require you, to award punitive damages to that plaintiff.

The purpose of an award of punitive damages is, first, to punish a wrongdoer for misconduct and, second, to warn others against doing the same. You may award punitive damages against Dura on any or all of the plaintiffs' claims, if you find that Dura violated the ADA with malice or reckless indifference to the rights of a plaintiff to be free from disability discrimination under the law as I have instructed.

If you determine from the evidence at trial that the defendant's conduct justifies an award of punitive damages, you may award an amount of punitive damages that all jurors agree is proper. In fixing an amount, you should consider: (1) the offensiveness of the defendant's conduct; and (2) the amount needed, considering the defendant's financial condition, to prevent repetition of the wrongdoing. The amount of punitive damages should have a reasonable relationship to the amount of actual damages awarded.

If you do award punitive damages, you should fix the amount using calm discretion and sound reason. You must not be influenced by sympathy for, or dislike of, a plaintiff or the defendant.

31

**<u>All Instructions Not Necessarily Applicable</u>**

The court has given you instructions embodying various rules of law to help guide you to a just and lawful verdict. Whether some of these instructions will apply depend upon what you find to be the facts. That I have instructed you on various subjects in this case, including that of damages, must not be taken as indicating an opinion of the court on what you should find the facts to be or on which party is entitled to your verdict.

32

## How Jurors Should Approach Their Task

The attitude and conduct of jurors at the beginning of their deliberations are very important.  It is rarely productive or good for a juror, upon entering the jury room, to make an emphatic expression of his or her opinion on the case or to announce a determination to stand for a certain verdict.  When a juror does that, his or her sense of pride may be aroused, and he or she may hesitate to recede from an announced position if shown that it is wrong.  Remember that you are not partisans or advocates in this matter, but judges.

33

**<u>Sympathy and Prejudice</u>**

Sympathy or prejudice must not enter into your deliberation as jurors, no matter what your sympathy or prejudice may lead you to think. Sympathy or prejudice has no place in the trial of a lawsuit, or in the making up of your minds as to what your verdict shall be. Do not permit any such emotional considerations to enter into your deliberations at all. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as the court gives it to you.

34

## Use of Juror Notes

Some of you may have taken notes during the trial. Once you retire to the jury room you may refer to your notes, but only to refresh your own memory. Your notes are not evidence. You may not read from your notes to your fellow jurors or otherwise inform them of what you have written. The notes may contain errors or they may be misunderstood or taken out of context, or they may only pertain to part of the testimony and may not be an exact account of what was said by a witness.

You are free to discuss the testimony of the witnesses with your fellow jurors but each juror must rely on his or her own memory as to what a witness did or did not say.

35

**<u>Election of Foreperson</u>**

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

36

**<u>Verdict Forms</u>**

A verdict form has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have the foreperson fill in, date, and sign the form which sets forth the verdict upon which you unanimously agree. You will then return with your verdict to the courtroom.

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

## Verdict – Unanimity – Duty to Deliberate

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is in error. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

## **Chance or Quotient Verdict Prohibited**

The law forbids you to determine any issue in this case by chance. Thus, if you decide that a party is entitled to recover, you must not arrive at the amount of damages to be awarded by agreeing in advance to take each juror's independent estimate of the amount to be awarded, to total those amounts, to divide the total by the number of jurors and to make that resulting average the amount you award.

## The Use of Electronic Technology to Conduct Research on or Communicate About a Case

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

**<u>Communications Between Court and Jury During Jury's Deliberations</u>**

If it becomes necessary during your deliberations to communicate with the court, you may send a note by the court security officer, signed by your foreperson or by one or more members of the jury.  No member of the jury should even attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of

the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

Bear in mind also that you are never to reveal to any person – not even to the court – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.