IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| VELMA SUE BATES, CLAUDIA BIRDYSHAW, WILLARENE FISHER, MARK LONG, JON TOUNGETT, CAROLYN WADE, and RICHARD WHITE, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:08-cv-00029 Judge Trauger |
| DURA AUTOMOTIVE SYSTEMS, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending before the court is the defendant's Motion to Amend the Judgment (Docket No. 207), to which the plaintiffs have responded (Docket No. 214). For the reasons discussed below, the defendant's motion will be granted.

The plaintiffs in this suit are former employees of defendant Dura Automotive Systems, Inc. ("Dura"). Each plaintiff asserted a claim against Dura under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Specifically, the plaintiffs claimed that certain drug testing conducted by Dura violated 42 U.S.C. § 12112(d)(4)(A), which prohibits employers from conducting "medical examination[s]" or "inquir[ing] . . . as to whether [an] employee is an individual with a disability or as to the nature or severity of the disability." Plaintiff Carolyn Wade prevailed on this claim at trial, and the jury awarded her $47,244 in back pay, $0 in front

1

pay, $150,000 in other compensatory damages, and $197,244 in punitive damages.[1] (Docket No. 195 at 6.)

The defendant has filed a Motion to Amend the Judgment, pursuant to Federal Rule of Civil Procedure 59(e), arguing that the amount of Wade's award violates a statutory cap on damages. (Docket No. 207.) A court may grant a Rule 59(e) motion to amend a judgment "if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

The defendant points out that 42 U.S.C. § 1981a caps the amount of damages recoverable by an ADA plaintiff. 42 U.S.C. § 1981a(a)(2) (stating that caps apply to actions brought against a defendant that "violated the requirements of . . . section 102 of the Americans with Disabilities Act of 1990 (42 U.S.C. 12112)"). Specifically, the statute provides that the combined compensatory and punitive damages awarded to a plaintiff cannot exceed $300,000:

> (3) Limitations
>
> The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party—
>
> . . .
>
> (D) in the case of a respondent who has more than 500 employees

---

[1] The Verdict Form filled out by the jury contained separate entries for the jury to list back pay, front pay, "other compensatory damages," and punitive damages. (Docket No. 195 at 6.)

> in each of 20 or more calendar weeks in the current or preceding calendar year, $300,000.

*Id.* § 1981a(b)(3). The statute excludes back pay and front pay from the definition of "compensatory damages." *Id.* § 1981a(b)(2); *Pollard v. E. I. du Pont de Nemours & Co.*, 532 U.S. 843, 848 (2001). The defendant concedes that it has more than 500 employees. (Docket No. 208 at 3.) As plaintiff Wade was awarded $150,000 in compensatory damages and $197,244 in punitive damages (totaling $347,244), the defendant argues that the $300,000 cap listed in 42 § 1981a(b)(3)(D) has been impermissibly exceeded by $47,244 and the judgment in Wade's favor should be reduced by that amount. (*Id*. at 4.)

In response, the plaintiffs argue that this court has "equitable" power to grant relief to make plaintiff Wade "whole." (Docket No. 214 at 2 citing 42 U.S.C. § 2000e-5(g)). Here, the plaintiffs maintain, the court should invoke those equitable powers and "move [the $47,244] of Ms. Wade's damages subject to the caps into the category of past pecuniary losses or into the category of front pay." (*Id*. at 3.) In the plaintiffs' view, this "move" would be particularly appropriate given that the jury heard that Wade had lost vision in one eye "after stopping her weight loss medicine in order to keep her job at Dura." (*Id*. at 2.) For reasons that are not explained, this loss-of-vision injury supposedly did not "fit neatly" into the categories of damages offered to the jury, but the court should now recognize it as a "past pecuniary loss" or as "front pay" in order to ensure that Wade receives the full amount that the jury determined was owed to her. (*Id* at 3.)

The plaintiffs' unsupported argument is not well taken. The categories of damages were clearly defined for the jury (*see* Docket No. 194 at 25-31), and the jury allocated Wade's

3

damages, including for loss of sight, as it saw fit. Now, because the statute clearly dictates that Wade's award be reduced based on the jury's findings, the plaintiffs ask the court to "work around" the caps (and upset the jury's findings) by transferring the excess damages to a different category. If the court were free to do this based on a vague and conclusory appeal to equity, there would be little point to having the caps or a jury to allocate damages.

Because allowing a recovery in excess of the statutory cap is a clear error of law, it is appropriate for the court to reduce the judgment pursuant to Rule 59(e). *See, e.g., Hernandez-Miranda v. Empresas Diaz Masso, Inc.*, , 2011 WL 2557012, at *2 (1st Cir. June 29, 2011). Accordingly, the defendant's Motion to Amend the Judgment (Docket No. 207) is **GRANTED**. The Judgment (Docket No. 201) is hereby **AMENDED** to reduce plaintiff Carolyn Wade's punitive damages award by $47,244, from $197,244 to $150,000. Wade's award now consists of back pay damages in the amount of $47,244, compensatory damages in the amount of $150,000, and punitive damages in the amount of $150,000.

It is so Ordered.

Entered this 30th day of August 2011.

_____
ALETA A. TRAUGER
United States District Judge