IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| VELMA SUE BATES, CLAUDIA BIRDYSHAW, WILLARENE FISHER, MARK LONG, JON TOUNGETT, CAROLYN WADE, and RICHARD WHITE, <br><br> Plaintiffs, <br><br> v. <br><br> DURA AUTOMOTIVE SYSTEMS, INC., <br><br> Defendant. | Case No. 1:08-cv-0029 <br> Judge Trauger |

## MEMORANDUM AND ORDER

Pending before the court is the defendant's Objection to Plaintiffs' "Notice of Filing Additional Billing Records." (Docket No. 219.) In light of the plaintiffs' "Revised Notice of Filing Additional Billing Records" (Docket No. 220), which was filed in response to the Objection, the Objection will be overruled. However, in entering a final attorney's fee and cost award in this case, the court will reduce the award slightly in the hope of encouraging better practice in the future.

On July 28, 2011, two days after the entry of judgment in this case, the plaintiffs filed their Motion for Attorney's Fees and Costs, seeking $148,793.50 in attorney's fees and $10,950.22 in costs. (Docket No. 202.) Consistent with standard practice, the plaintiffs supported this submission with billing records designed to show the work performed by plaintiffs' counsel on this matter (the "First Notice"). (Docket Nos. 204-205.) On August 11, 2011, the defendant filed its response, asserting, among other things, that the fee submission was

1

deficient in that it was not clear from the billing records which attorney had performed a given task or how long the task took. (Docket No. 206.)

Agreeing with the defendant, in its August 19, 2011 Memorandum and Order, the court deferred a final judgment on the fees motion as the plaintiffs, who are indisputably entitled to fees and costs as prevailing ADA plaintiffs, had not provided sufficient documentation to support their claim for $148,793.50 in attorney's fees (the $10,950.22 in costs has not been in dispute). (Docket No. 212 at 5.) Specifically, while the plaintiffs had submitted counsel's billing records, which "list[ed] the amount of fees billed for each task" and provided hourly rates for the attorneys, they did not, as required by the Local Rules (and as necessary for the court's "lodestar" analysis), indicate the amount of time that each task took or the attorney who had performed the task. (*Id*. at 4-5.) The court gave the plaintiffs 10 days to submit records that were compliant. (*Id*.) The court's order also afforded the defendant 14 days to file any objections to the updated records. (*Id.* at 9.)

The court also provided additional guidance in the August 19, 2011 Memorandum and Order. The court concluded that the lodestar fee and costs award[1] should be reduced by one-seventh to reflect the fact that plaintiff Fisher was not successful on her claims and then by another 20 percent to reflect the fact that the other plaintiffs, while successful on one ADA

---

[1] As noted in the August 19, 2011 Memorandum and Order, "[t]he parties agree that the amount of reasonable attorney's fees should be calculated using the lodestar method. Under this method, the court must first determine the lodestar amount by multiplying the reasonable number of hours billed by the plaintiffs' attorneys with a reasonable hourly rate." (Docket No. 212 at 3 citing *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007); *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)).

claim, had been unsuccessful on a series of "conceptually distinct" claims and the fact that the jury awarded plaintiffs Bates and White considerably less than they had sought. (*Id*. at 6-8.) The court concluded that, if the plaintiffs submitted updated billing records that supported a claim for $148,793.50 in attorney's fees (plus $10,950.22 in costs), the final award, after these deductions, would be $109,538.55. (*Id*. at 8.)

On August 29, 2011, the plaintiffs filed a Notice of Additional Billing Records ("Second Notice"). (Docket No. 217 Ex. 1.) Attached to the Second Notice were 24 pages of "time entries" that did note the attorney who had performed the given task and how long the task took. (*Id*.) However, the records attached to the Second Notice did not provide a "total" amount of fees and costs incurred and appeared incomplete. (*Id*.) This submission left the defendant and the court with the responsibility of trying to add up more than 250 entries to see if the records attached to the Second Notice were consistent, in terms of the total amount claimed, with those filed in the First Notice.

As the defendant pointed out in its September 1, 2011 Objection, there was an "inconsistency between the total fee amounts set forth in the first and this second set of billing records."[2] (Docket No. 219 at 1.) That is, by the defendant's calculation, only $102,394.50 in fees were accounted for in the records attached to the Second Notice, a difference of $46,399 from those filed in support of the First Notice. (*Id*. at 2.) The defendant, therefore, argued that $113,344.72 ($102,394.50 in attorney's fees and $10,950.22 in costs) should be the new

---

[2]The defendant conceded that the hours and fees noted in the records attached to the Second Notice are reasonable, and, therefore, may be used to generate the "lodestar." (Docket No. 219 at 1.)

3

"lodestar" for the court, and the one-seventh and 20 percent deductions should be based on that number. (*Id.* at 3.)

Late in the day on September 2, 2011, the plaintiffs filed a "Revised Notice of Filing Additional Billing Records," (the "Third Notice") in response to the Objection. (Docket No. 220.) The Third Notice states that the Second Notice "did not copy all pages." (*Id.*) The Third Notice attaches 57 pages of updated billing entries, now totaling $149,918.50 in attorney's fees and still seeking $10,950.22 in costs.[3] (Docket No. 220 Ex. 1.) While not explained in the Third Notice, it appears that most of the billing entries of plaintiffs' counsel Matt Sharp and paralegal Regina Keith were mistakenly omitted from the Second Notice. (*Id.*)

At long last, the plaintiffs have now come forward with a complete submission that provides (1) the task performed, (2) the attorney or support personnel who performed the task, (3) how long the task took, and (4) the rate charged. This submission, in terms of its detail and quality, is on par with those regularly received and accepted by the court. And, again, there appears to be no dispute that the rates charged and hours worked are reasonable.

Therefore, the "lodestar" attorney's fee and costs amount is $149,918.50 plus $10,950.22, or $160,868.72. Plaintiff Fisher's lack of success reduces this total by one-seventh ($22,981.25) to $137,887.47. The 20 percent across-the-board deduction ($27,577.49) for limited success further reduces the award to $110,309.98.

---

[3]Because of the nature of the plaintiffs' submissions, it is not entirely clear what additional entries constitute the difference between the initially sought $148,793.50 and the present claim of $149,918.50. That said, the court has reviewed the most recent submission in its entirety and, consistent with the defendant's earlier concessions, finds reasonable the hours worked, rates claimed, and tasks performed that resulted in the $149,918.50 in fees.

4

The court further finds that an additional $5,000 deduction (to $105,309.98) is warranted to encourage better practice in the future. The Federal Rules afford a party 14 days from the date of judgment to make a motion for attorney's fees, and this time should be used to prepare a submission that is compliant with the rules and allows the court to fairly determine the award. Fed. R. Civ. P. 54(d)(2)(B). The plaintiffs did not take this time, filing their clearly insufficient submission just two days after the judgment entered. Then, after the time and energy of the defendant and the court were consumed with that submission, the plaintiffs filed an "updated" submission that neglected to include more than half of the relevant records. Again, the defendant was forced to submit a response to this filing, and the court, not anticipating further filing from the plaintiffs, began to resolve the fee issue based on this Second Notice. Suffice it to say, if the plaintiffs had used care and the time afforded them by the rules, the defendant and the court could have been saved a significant amount of time and energy.

In light of all of this, the plaintiffs are hereby **AWARDED** $105,309.98 in fees and costs.

It is so Ordered.

Entered this 7th day of September 2011.

                                                          _____
                                                          ALETA A. TRAUGER
                                                          United States District Judge